**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

HAFFNER INTERNATIONAL MARKETING GROUP, INC. *et al.*,

        Plaintiffs,

vs.

YUSUF BUGRA SAHIN, *et al.*,

        Defendants.

2:13–cv–0459–JCM–VCF

**<u>ORDER</u>**

    Before the court are Plaintiff Haffner International Marketing Group, Inc., *et al.*'s motion to extend time for service (#11[1]) and motion for alternative service of process (#12).

**BACKGROUND**

    This matter arises out of a trademark and contract dispute between Haffner International Marketing and Yusuf Bugra Sahin. (*See* Compl. (#1) at 1). Haffner is a Nevada Corporation and Sahin is an individual residing in the Republic of Turkey. (*Id*. at 2).

    Sometime in 2006, Sahin was hired by Haffner, a corporation engaged in porcelain, granite, and horse hoof repair. (*Id*. at 5); (Mot. (#12) at 2:5). In September 2011, Haffner and Sahin's business relationship deteriorated. (*Id*. at 2:14). Haffner terminated Sahin and, pursuant to a non-disclosure agreement, instructed Sahin to "cease all activities related to [Haffner's] products." (*Id*. at 2:16–17). Sahin, however, allegedly disregarded Haffner's demand. (*Id*.) According to Haffner's complaint, Sahin

---

[1] Pathetical citations refer to the court's docket.

1

continues to manufacture Haffner's products and solicit Haffner's customers using Haffner's trade secrets. (*Id*. at 17–19). Sahin allegedly manufactures and sells Haffner's products at tradeshows throughout the world, through his website, www.nnrepair.com, and two email address, info@himgseramik.com and info@nnrepair.com. (*Id*.)

On March 19, 2013, Haffner filed suit. (*Id*. at 2:24). On April 18, 2013, Haffner attempted to effect service on Sahin pursuant to Federal Rule of Civil Procedure 4(f)(l), which requires service on a foreign individual pursuant to the Hague Convention. (*Id*. at 3:5–6). Soon thereafter, Haffner hired local counsel in Turkey to coordinate efforts with Turkey's Ministry of Justice and the local Public Prosecutor in Turkey who is responsible for serving Sahin under the Hague Convention. (*Id*. at 3:10–19).

On June 12, 2013, Haffner's local counsel confirmed that the Public Prosecutor and Ministry of Justice are working to effect service on Sahin. (*Id*.) However, the Ministry of Justice informed Haffner that perfecting serve under the Hague Convention "may take at least one to two [additional] months." (*Id*.)

On October 24, 2013, the Clerk of Court entered a notice of intent to dismiss Haffner's suit pursuant to Rule 4(m) because Haffner had failed to effect service on Sahin within 120 days. As a result, on October 30, 2013, Haffner filed the instant motions, which request: (1) an additional 120 days to serve Sahin and (2) leave to serve Sahin by email.

### LEGAL STANDARD

Rule 4 governs service of the summons and complaint. Where, as here, the plaintiff seeks to serve an individual in a foreign country, Rule 4(f)(3) permits the court to allow the plaintiff to serve the defendant "means not prohibited by international agreement." FED. R. CIV. P. 4(f). This includes email. *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (stating that Rule 4(f) permits, *inter alia*, service by publication, ordinary mail, mail to the defendant's last known address,

delivery to the defendant's attorney, telex, and, email). The Ninth Circuit has held that service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief." *Id.* at 1015 (citation omitted). "It is merely one means among several which enables service of process on an international defendant." *Id.* The decision to allow alternative means of service of process under Rule 4(f)(3) is discretionary. *Absolute Swine Insemination Co., Ltd v. Absolute Swine Insemination Co.*, LLC, No. 2:12–cv–00606, 2012 WL 3536788, at *3 (D. Nev. Aug. 14, 2012) (citation omitted).

Federal Rule of Civil Procedure 4(m) governs the time limit for service. Rule 4(m) provides: "If a defendant is not served within 120 days after the complained is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Rule 4(m)'s time limit, however, does not apply where, as here, the plaintiff seeks to serve an individual in a foreign country under Rule 4(f). *See also Guifu Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 388 (N.D. Cal. 2012) (stating that "[t]he plain language of Rule 4(m) clearly exempts service in a foreign country.").

## DISCUSSION

Haffner's motions are granted. When determining whether a court should exercise its discretion in favor of permitting service of process by email, courts in the Ninth Circuit consider: (1) whether the facts and circumstances necessitate court intervention allowing service by email and (2) whether the plaintiff has demonstrated that service by email is reasonably calculated to apprise the defendant of the action and afford him an opportunity to respond to the complaint. *Rio Properties, Inc.*, 284 F.3d at 1016.

Haffner has satisfied these requirements. The facts and circumstances necessitate court intervention allowing service by email because service pursuant to the Hague Convention and the Republic of Turkey's Ministry of Justice under Rule 4(f) has, so far, proven expensive and protracted. Haffner has hired local counsel in Turkey and the Ministry of Justice informed Haffner that effecting

service may take one or two more months. This cost and delay contravene Rule 1. *See* FED. R. CIV. P. 1 (requiring courts to resolve civil matter expeditiously and inexpensively).

Haffner has also demonstrated that service by email is reasonably calculated to apprise the defendant of the action and afford him an opportunity to respond to the complaint. Haffner provided the court with two email addresses that Defendant allegedly checks on a regular basis. These email addresses are used in connection with the manufacture and sale of allegedly infringing products. The court finds that service by email will likely apprise Defendant of the complaint against him.

Finally, because Rule 4(m)'s time limit does not apply where a plaintiff seeks to serve an individual in a foreign country under Rule 4(f), *see also Guifu Li*, 281 F.R.D. at 388, the court grants Haffner an additional 120 days to serve Defendant.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's motion to extend time for service of process by an additional 120 days (#11) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for alternative service of process (#12) is GRANTED.

IT IS SO ORDERED.

DATED this 4th day of November, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE